Henry Purdy *v.* Robert C. Janion.

# SUPREME COURT—IN BANCO.

## OCTOBER TERM, 1861.

### HENRY PURDY *vs.* ROBERT C. JANION.

THE Circuit Courts of the Kingdom regarded, to a considerable extent, as Courts of national as well as of local jurisdiction.

By the concluding portion of the 880th Section of the Civil Code, held, they have the power to hear and determine private actions arising within their geographical jurisdiction, where the nature of such action is not otherwise controlled by law, whether the parties be residents of the circuits or of some foreign country.

The restriction as to the jurisdiction over the parties litigant, prescribed by the Code for the District Courts, not extended to the Circuit Courts in cases like the present.

Notice of the suit brought home to the agent, doing business in this country, regarded quite as effectual as if served upon the non-resident defendant personally, in accordance with the provisions of Sec. 1102, Civil Code.

On appeal from the Circuit Court for the Island of Hawaii.

The Court, per ROBERTSON, Justice :

The plaintiff commenced an action of trespass against the defendant, at the last September Term of the Circuit Court of Hawaii, claiming to recover damages for losses and injuries sustained through the alleged unlawful acts of the defendant, in capturing, and in otherwise interfering with certain cattle running near Waimea, on the Island of Hawaii, alleged to be the property of the plaintiff.

The defendant is not at present residing in this Kingdom, and service of process was made upon Mr. Wm. L. Green, of Honolulu, who is the acknowledged agent in this country for the transaction of the defendant's business. His counsel filed a plea of not guilty, reserving the right to move the Court to dismiss the suit, on the ground of a want of jurisdiction. After plea filed, defendant made an application before the first Associate Justice of the Supreme Court, at Honolulu, for a change of *venue* from the Hawaii circuit to the Island of Oahu, which application was refused.

When the cause came on before the Circuit Court, defendant's counsel moved to dismiss, on the ground of the want of jurisdiction, and also for want of due and proper service. The motion was overruled, and the following exceptions were filed on behalf of the defendant, viz :

" First : That the said (Circuit) Court ruled that it had jurisdiction to try and determine this cause, on service of summons and complaint on the agent of the defendant at Honolulu, on the Island of Oahu, although the defendant was a non-resident of said Island of Hawaii, but the plaintiff residing on, and the cause of action having arisen on, the said Island of Hawaii, whereas the defendant alleges that the Court ought to have ruled contrary.

" Second : That the said Court ruled that the defendant was properly in Court, by service of complaint and summons on his agent in Honolulu, Oahu, although it was in proof by affidavit, and not contravened on the part of the plaintiff, that the defendant had resided in England since the year 1851, and had no domicil in this Kingdom, whereas the defendant alleges that the Court ought to have ruled the contrary."

These exceptions have now been discussed before this Court, the defendant's counsel arguing both the grounds raised by him at great length, and with much ingenuity and force, giving to the argument, however, a wider range than, in our view, the subject requires.

The decision of the first point, namely, as to the jurisdiction of the Circuit Court, and its power to entertain this suit, depends upon the construction to be given to a part of the 880th Section of the Civil Code, which reads as follows :

" The respective Circuit Courts shall have original jurisdiction to hear and determine all civil suits between individuals, or in which the Government is plaintiff, involving a greater amount of indebtedness or claim than one hundred dollars, and appellate jurisdiction in all such suits when the amount claimed does not exceed one hundred dollars. They shall have power to hear and determine all private actions arising within their jurisdiction, sounding in consequential injury or damages, without limit as to amount of claim."

The present action is one of the class of cases contemplated

by the second clause of the passage just quoted. It is a private action arising within the geographical jurisdiction of the Circuit Court of Hawaii, sounding in consequential injury or damages. And such being the case, the Circuit Court has power, in our opinion, to hear and determine the cause, whether the defendant is a resident of Hawaii, or of some other circuit of the Kingdom, or in some foreign country; and whether the plaintiff is a resident of Hawaii or of some other circuit. In this case the plaintiff is a resident of the circuit in which the cause of action arose, and may well institute his suit there, subject, of course, to a change of *venue* for proper cause.

It is contended that the Circuit Courts are Courts of inferior and of merely local jurisdiction, and that, in the absence of an express provision in the statute to that effect, no Circuit Court has jurisdiction in such a case as this, unless the defendant is a resident of the particular circuit in which the action is commenced. It is true that the Circuit Courts, in their relation to the Supreme Court, are inferior, and to some extent limited, in their jurisdiction. But upon a careful examination of the statutes defining the powers of the Circuit Courts, it will be seen that they are to a considerable extent Courts of national as well as of local jurisdiction. And we cannot regard as sound the position assumed by the learned counsel for the defendant. The language of the statute now before us is plain and unequivocal, and makes the fact that an action arises within the geographical limits of any particular circuit, the sole and conclusive ground of jurisdiction in the Circuit Court of that circuit, over this class of cases. The restriction prescribed by another part of the Civil Code, touching the power of the District Courts, which makes it necessary that the defendant in any civil suit, brought before either of them, shall be a resident, or for the time being shall be found within the district where the suit is commenced, is not extended by the Code to the Circuit Courts, so as to limit their power, at least in cases like the present. But we are not prepared at present to give a positive opinion as to whether or not that limitation should be held to apply to cases contemplated by the first clause of the passage quoted from Section 880.

The second ground of exception, touching the service of

process upon the defendant, is governed by Sections 1,102 and 1,103 of the Civil Code, upon a careful consideration of which we regard the exception as unsound. In our opinion, the present case does not, as is contended on behalf of the defendant, come within the purview of Section 1,103, which applies only to cases in which the defendant never was an inhabitant of the Kingdom, but has property here ; or, having once resided in the Kingdom, has removed therefrom, leaving no agent here upon whom service can be made under the provisions of Section 1,102 ; in either of which cases statutory service may be made by publication of the summons. In construing this statute both of these sections must be taken together, and when thus considered they clearly show, in our opinion, the intention of the Legislature to have been in accordance with the view now adopted. It cannot be supposed for a moment that, in cases like the present, where the defendant, although he has ceased to be an inhabitant of the Kingdom, is still carrying on active business here through an acknowledged and well known agent, the Legislature intended that service should be made by publication, or by sending a copy of the petition and summons to the defendant abroad. In such a case notice of the suit brought home to the agent is quite as effectual, and probably better for every useful purpose than if served upon the non-resident defendant personally.

In the course of the argument on the exceptions, it was contended on behalf of the plaintiff, that the defendant, by moving one of the Justices of this Court for a change of *venue,* had acknowledged himself to be properly in Court, and had waived all right to object to the manner of the service, or its insufficiency. We regard this objection as perfectly sound, and would feel compelled to overrule the second exception upon that ground alone. But, for the sake of throwing light upon the subject, for guidance in future cases, we deem it best to base our decision against the exception, upon its own intrinsic unsoundness in law, according to our understanding of the statute involved.

The exceptions are overruled, with costs.

C. C. Harris, Esq., for plaintiff.

J. Montgomery, Esq., for defendant.